CALVERT *v.* MOBILE & O. R. Co.*

(Division A. April 22, 1929. Suggestion of Error overruled May 27, 1929.)

[121 So. 855. No. 27880.]

*Corpus Juris-Cyc References: Railroads, 33Cyc, p. 668, n. 90.

*Frank A. Critz,* for appellant.

*A. J. McIntyre,* for appellee.

Cook, J. The appellant, John Calvert, instituted this 'suit in a justice of the peace court of Clay county against the Mobile & Ohio Railroad Company seeking to recover the value of two head of cattle alleged to have been killed by reason of the negligent operation of appellee's train over and across one of the streets in the city of West Point, Mississippi. In the justice of the peace court there was a judgment in favor of the defendant company, and, on appeal to the circuit court, there was a jury verdict for the defendant, and, from the judgment entered in pursuance of this verdict, this appeal was prosecuted.

The proof shows that the cattle were killed by a motor-car or train of the appellee, which was propelled by electricity, and which, at the time the cattle were killed, was being operated within the corporate limits of the city of West Point at a greater rate of speed than six miles per hour, and, at the conclusion of the testimony, the court below refused to instruct the jury that it was

a violation of the law to operate this motor through the city of West Point at a greater rate of speed than six miles per hour, and that, if they believed from the evidence that, at the time the cattle were killed, the appellee was running this motorcar at a greater rate of speed than six miles per hour, and that this excess of speed was the proximate cause of the injury, a verdict should be returned for the appellant.

The refusal of this instruction is assigned as error, and this assignment calls for the construction of section 4043, Code of 1906 (section 7894, Hemingway's 1927 Code), which reads as follows:

"Any railroad company having the right of way may run locomotives and cars by steam through cities, towns and villages, at the rate of six miles an hour and no more; and the company shall be liable for any damages or injury which may be sustained by any one from such locomotive or cars whilst they are running at a greater speed than six miles an hour through any city, town or village. The railroad commission shall have power to fix and prescribe limits in cities, towns and villages in which railroad companies may run locomotives and cars by steam at a greater rate than six miles an hour, and whenever it shall have fixed and prescribed such limits in any city, town or village this section shall not thereafter apply to the running of cars and locomotives by steam within the same."

There is no ambiguity in the language of this statute, and there is nothing therein to indicate a legislative intent different from that which the clear and concise language imports. The prohibition of the statute is expressly limited to the "running of cars and locomotives by steam," and throughout the statute the provisions are limited to locomotives and cars run by steam. It is provided that the Railroad Commission shall have power to fix and prescribe limits in cities, towns, and villages in which a railroad company "may run locomotives and

cars by steam'' at a greater rate than six miles per hour, and that, when such limits are prescribed, the section shall not thereafter apply ''to the running of cars and locomotives by steam'' within the same. It may be, as contended by counsel for appellant, that there is no more reason for limiting, within the corporate limits of a municipality, the speed of locomotives and cars propelled by steam than there is for so limiting the speed of cars or trains propelled by electricity, gas, or other motive power, but that is a matter which should be addressed to the legislative discretion and determination, and, since the language of the statute is plain and unambiguous, such limitation cannot be imposed by judicial construction. The court below was therefore correct in refusing the requested instruction.

None of the other assignments of error are of sufficient merit to call for a discussion, and therefore the judgment of the court below will be affirmed.

*Affirmed.*